The next case call is People v. Keuss. Counsel, you may proceed. Thank you. How do you pronounce the defendant's name? You did, you did. I just thought that there was another case. Oh, no problem. We're up next. Okay. May it please the Court, Whitney Atkins for the State of Illinois. Mr. Kirk. The defendant was arrested and charged for driving under the influence of alcohol on May 9, 2014. The officer's sworn report indicated that the defendant had a strong odor of alcohol on his breath, he was unsteady on his feet, he failed field sobriety tests and was not able to complete all requested tests. The arresting officer certified that the defendant was issued a written warning to motorists. On June 17, 2014, the defendant filed a petition for hearing and a motion for discovery. The discovery motion sought any and all electronic surveillance. On July 2, 2014, the defendant filed a motion for sanctions in which he complained that the people had failed to provide the booking room video, and the motion pointed out that the Wood River Police Department had destroyed the booking room video 30 days after the defendant's arrest, but prior to the motion for discovery. The motion for sanctions asked that all testimony regarding the booking room video be suppressed. At the hearing, the defendant asked for rescission on the basis that no proper warning to the motorist was given, and again requesting sanctions of the suppression of everything that took place in the booking room video. And it was if the booking room video would have shown the reading of the warning to the motorist. I think we, I'm not sure. I think we could possibly presume that because of the time that the warning to motorists indicated that the defendant was warned and in the booking room video. So, yeah, I think we can. I think we can. Everybody seemed to feel at the track record anyway, that the sanction of not allowing any testimony about what would have been shown in the booking room video included the warning to motorists. No, no, that was not included in the sanctions. That was not suppressed. That was not suppressed. And actually, the state did make that offer of proof to provide that written warning to motorists. Well, the written thing itself, but I mean the fact that the officer gave you the warning verbally. Okay. Testimony, regard pertaining to that. In other words, the officer would have got on the stand otherwise and said, We were everywhere in the booking room, and I said, here's the deal. You can either take the test or not take the test. If you take the test and you fail it, you get three months, you know, all that kind of stuff. Yes, that was suppressed. That was suppressed. And like I just said, however, the state did make the offer of proof to provide that, the written copy, and to support the statutory summary suspension. And the trial court didn't make any ruling on that either way. And the court granted the defendant's request for sanctions and without taking any evidence, summarily granted the defendant's rescission due to sanctions. Okay. Isn't it a key factor in this case, and this is nothing, you have no control over this, you're just stuck with it on appeal. Okay. But the state stipulated that the video, quote, should have been maintained as evidence, close quote. Yes, we are stuck with that. I would say they had done that, but. You'd be making a totally different argument if that wasn't the case, right? Yeah, I think Rebecca kind of made it anyway. I think she made it anyway. And so then I guess my response to that would be, even though it should have been maintained, it should have been provided. One, it does not preclude the statutory summary suspension from standing. And two, even though it should have been provided, it does not warrant sanctions under the law. Okay, of course our standard of review here is did the trial court abuse her discretion in imposing a sanction, right? Yeah, that, yes. In other words, and that's a pretty high standard, in other words, no reasonable person would have adopted the view of the trial court, and that's under circumstances where the state stipulated that they should have kept it as evidence. But the thing is, even with the sanctions, the other argument that the state makes is that there wasn't sufficient evidence to support the rescission. Because the trial court still has to have evidence to support its grant of rescinding the statutory summary suspension, and it doesn't have the evidence. I mean, because the only evidence, as is made in the brief, the only evidence before the court is evidence that the defendant was warned. So if that's... Well, are you saying that the burden of proof is on the defendant? Yes. So he has to, okay, as a sanction, the trial court has said, State, you can't introduce evidence that the warning was given. But what you're saying is he's got to get on the stand first and say they didn't give it to me. Yeah, I mean, he has to have evidence that he was not properly... Because he has the burden of proof. Yeah, he has the burden of proof to make a prima facie case that he did not receive a warning, and he's given no evidence, he didn't get on the stand. I mean, there's not a wisp of evidence that he was not properly warned. The only evidence before the court is that he received a warning. That's all the court has. So even with the stipulation that the booking room video should have been provided, the trial court's judgment was it lacks sufficient evidence to rescind the statutory summary suspension, even with that stipulation. A 219C sanction is a discretionary act based on the record. There's no requirement of a certain threshold of manifest weight on the issue in question that is affected by the discovery violation. Is there? Can you repeat that question? Sure. This was pursuant to a discovery sanction. The order of the trial court. The formulation and the degree of sanction under 219C, the Supreme Court rule, is a question of the exercise of discretion by the trial court. My understanding of dealing with this for years is that there's no threshold requirement of manifest weight on the particular issue that is involved in the discovery violation. It's a question of the trial court's discretion in remedying, punishing, compelling, whatever the trial court in its discretion decides is appropriate for the discovery violation under 219C. And it's the court's discretionary call, and we review it as such. Do you agree with that? It's definitely abuse of discretion, but, I mean, the case law does have, has carved out somewhat of a threshold, and that is, as I said in my brief, for sanctions of dismissal. Sanctions of dismissal or default judgment should only be employed where the conduct is deliberate or contumacious or evidences and unwarranted disregard of the court's authority and should be employed only as a last resort. So it is within the trial court's discretion, but, you know, the conduct has to be really... It can't be inadvertent. It doesn't appear that way by the case law and by this, because this threshold that I just stated, it's not in Rule 219. It's kind of been carved out by review. No, I understand that, but it's not, it can't be inadvertent. Yes, yes. There's no question in this scenario of facts that the police authority destroyed this. It was not inadvertent. Yes. For whatever reason, it was destroyed 30 days after the arrest. Yes. Is that correct? Yes, yes. It was inadvertent, and for that... There's difference between an agency destroying records either because a particular record or in the normal course of proceeding and inadvertent, such as a machine burned out and therefore could not be examined by experts in a civil trial. There's a difference in degree, isn't there, in those situations? There is, and I'm not sure which category the conduct here fell under, which inadvertence it fell under, but it was inadvertent, and the case law seems to state that that sort of inadvertence does not warrant a dismissal, such a severe sanction. And a trial judge in her discretion could decide this wasn't inadvertent. Is that correct? I don't think there's any evidence it wasn't inadvertent. Well, the state stipulated that it should have been maintained as evidence. Right, but, I mean, I would all, yeah, but that's not evidence of inadvertence. I mean, it's just evidence that it should have been maintained. I mean, maybe I would even go so far as to say the fact that the state stipulated to that, they're kind of fessing up. Yeah, that's what I thought. But, again, I don't think it's not evidence of it being deliberate. I understand what you're saying. And, again, I would just like to underscore that even with the state stipulation, this ruling was erroneous because there was insufficient evidence to support the decision. And we ask that this court not impose a lesser sanction, but just vacate the sanction and reinstate the summary suspension. Thank you. Thank you, counsel. Counsel? We'll give you a few extra minutes, too, if you need. Thank you. Thank you, Your Honors. May it please the court, for the record, my name is Curtis Blood, and I represent Jack Kice, and we ask that the court affirm the decision. Pronounce the name again. Kice. Kice. Kice. Okay. Kice. Yes, Justice Stewart, according to the state's representation at R-4, for the record, the video would have shown the warning given in the booking room. And I say that because at R-4, the state said we can put our officer on the stand to say that that's what happened. But I understand that we can't do that because of the sanction. A key factor is still, you bet, stipulations and everything here, although it wasn't a wild stipulation by any means. The four cases that we cited very quickly in our brief say exactly the same thing. The police destruction of a recording is sanctionable, and the difference would perhaps be the fact that it was destroyed before it was requested. But the Szymanowski Supreme Court case would seem to cover that. And there are some cases, appellate court cases out there, though, that say if it's destroyed before it's requested, you know, it shouldn't be sanctionable. You know, I mean, but here the state says they fessed up. We are so careful. But, again, my point is I didn't deal with that far-fetched stipulation. I'm sure that the state's attorney was livid, but I don't think he should have been. Justice Stewart, you asked, did the defense have to sustain the burden first by putting Mr. Kais on the stand? If there wasn't a sanction, yes. Since there was a sanction, the sanction would have no effect. If the court said, well, but we've got the report, there was, like, no sanction at all. Yeah, I mean, it seems to me that the sanction would have to cover the written report itself, okay? But, you know, you're there for hearing. And this is the way I'm picturing this. And the court says, okay, you agree you should have maintained this tape as evidence, and I'm telling you, state, in this hearing, you cannot use that tape, okay? And then she says, motion resents on this suspension granted. Should she have said, all right, the burden's on the defendant, call your first witness? And did the state argue that? I think you make an argument in your brief that that issue's weighed because the state never said, wait a minute, they haven't presented a prima facie case yet. Or did they at that time? I don't know. No, no, Your Honor. That was an ingenious creation by the state's brief writer who has since moved on. So that's not her. But, no, no, that was never written. That's just in the defendant's brief. The state didn't, whenever the trial judge said, I'm going to, she didn't say it this way, but I'm going to summarily grant the petition to rescind, did the state say, wait a minute, he's got to put on evidence? That's what should have happened if they wanted to do that. But they didn't do that. So, Your Honor, even if they're correct about that, they weighed it. Right, right. We're talking about the judge error here. She didn't even have a shot. The other part was, your question was two parts, and I've lost the first part. Well, I mean, I guess I'm just kind of saying, you know, you enter a discovery-type sanction and say somebody's not allowed to produce evidence, but that doesn't mean you don't have a hearing necessarily. What if the judge had said, okay, testify. Now, Mr. Defendant, what happened? And then he gets on and he says, yeah, they gave me the warning. Right. Then what happens? Well, that's a different sanction. That's changing the sanction, and absolutely the circuit court had the right to change the sanction, to make the sanction what the court thought the sanction should be. So, yeah, if we were here on that, of course I'd be in the compelling seat, but I'd be arguing abuse of discretion. I'd be arguing that no reasonable person would have applied the sanction in that way, and that would be a pretty tough vote of hope. But, yes, you could have. Sure. Well, I mean, you know, she says I'm not going to let the state do otherwise, but you've got to put on your first witness, and they can't rebut whatever you say. Well, we've got a tremendous right to discretion either way. We just happen to be the other way here. Well, what kind of a record is there to show how this hearing was conducted? The whole thing is like seven double-spaced pages that have actual content. You know, a court of court takes a few minutes and a page is just a third to throw. But a very, very brief hearing in which the court says, well, we discussed this in chambers, which kind of makes it look like they already knew what they were going to do before they walked out the door. And now we have a stipulation right, which we just discussed back there, and she reads it, destroyed, should have been maintained as evidence, and the assistant state attorney said, that's right, Your Honor. And the sanction you're asking for is, and the defense counsel says so. The testimony was taken. And what's your response to that state? And obviously the judge had already heard that in chambers. Well, we could have our officer put on the stand and say that the warning was given and the whole thing wrote. But I guess the sanction prevents that. That's the assistant state's attorney talk in the courts as well. That basis then, I grant the sanction and further granting the rescission of the summary suspension. Boom, we're out, very quick. I practically paraphrased every word. And the state didn't say, wait a minute, we want to put on our witness? I mean, the defendant didn't ask to shift the burden? Never mentioned. Never mentioned by either party. I've been through this record. It's so nice. I've read it three times. Get ready to come in here. Feel good about it. Any questions about punctuation? Nothing like a seven-page record. Inverted? Not inverted. I mean, there's no mention of it being inverted. And trial counsel has filled my ear with claims it was deliberate, but that's not the record either. There's just no explanation of why this happened. On the record, there is in the motion to reconsider statement, just a bold argument by the state without support, that it was pursuant to department policy. But that's all it is, just argument. In that motion to reconsider, did the state say, wait a minute, you never made the defendant prove a prima facie case? No. No. No. Absolutely not. Absolutely not. Only in a bounce brief. And I suppose the bounce reply brief, which, by the way, is due in two days. We haven't got it. So it very well could be in chambers. We don't know either way. But in chambers, both sides could have said to the judge, this is tantam. If you grant this motion for sanction, it's tantamount to rescinding summary suspension. Because we can never prove that he gave the warning. And so everybody knew what was going to happen. Could have discussed the ball game. Could have discussed Dan Cronky. I can't say either way. Right. Right. No time. Is 219C entirely discretionary? Sure, it is. I'd say one time when it might not be discretionary that doesn't seem to apply here is if the judge is just playing God's factual. I mean, you might call that at least a discretion. But it's contrary to the manifest way of the evidence of what's going on. But the court would work that out. The challenge is the standard is discretion. Sure. Sure. I agree with that. The standard is discretion. Well, in view of the stipulation, I don't know what this other stuff is. This court can certainly disregard waiver and hit this theory about the murder. But my goodness. It's not fair at this point. I mean, the trial court's sitting there. They've got the stipulation. I mean, on this record, that ended the case. You stipulated that? Yes. Well, that brought it within the cases that say that it's sanctionable when the state destroys evidence. And now we're just talking about what the sanctions are going to be at this point. And at that point, the only decision the judge made was what the sanctions should be. And that's discretionary. The rest of this is just blindside to the judge. It's blindside to us. We didn't see this coming until we got the brief. This is just not a case for reversal. The waiver rule, I know it's usually in favor of the state, but it's not a state-wins rule.  Thank you, Your Honor. Thank you, Counsel. Counsel? First, I'd like to address the cases that the defendant cites for his proposition that the sanction here was appropriate. First of all, in those cases, the reviewing courts did not affirm dismissals, which is what he is asking for here. Again, to dismiss the summary suspension, the conduct needs to be deliberate or just this willful disregard for the court's authority, which there's no evidence that that occurred here. Secondly, in the cases that the defendant cites to, the destruction of the evidence occurred after the discovery request, which the defendant tries to minimize that, but that is a significant difference. The courts look at the Shanoski factors, and when one destroys the evidence after the discovery request, more of those factors are going to weigh in favor of the plaintiff. Well, I mean, this would be a totally different case if the state would have gone in and said, wait a minute, Judge, we didn't do anything wrong here. They haven't even requested it yet. It was destroyed in the ordinary course of business. Instead of doing that, they went in and said, we stipulate that we should have maintained it as evidence. So that was the end of any argument about whether they hadn't got their request yet or whether it was in the ordinary course of their business or they always do it within 30 days, they stipulated to that. So, I mean, that put them into the cases where as if they'd already got a request or were on notice to preserve it. I don't agree by them not going in and expressly stating that they destroyed the evidence after the request, that that's all of a sudden not an important factor. It's still an important factor, even if they didn't express that factor, because the facts are they destroyed the evidence before the request. If they had destroyed the evidence after the request, this case would be completely different. There's a presumption of warrant disregard. There's that presumption. There's not that presumption here. You know, we can't just presume that because of the stipulation that this was a bad act on the police in the state. And then further, in regard to the defendant's argument that the state has forfeited its argument, this is a sufficiency of the evidence claim. As I, you know, discussed before, even with the sanction, this court still has to have grounds upon which to rest its rescission, its grant of rescission. And the trial court here just doesn't have those grounds. It just doesn't have that proof. And just because sanctions were implemented here doesn't mean that the defendant is absolved of offering proof. The ruling doesn't require proof. And that's a sufficiency of the evidence. And that is an exception to the forfeiture rule. So, again, for those reasons, we ask that the sanction be vacated and the summary suspension be reinstated. Thank you. Thank you, counsel. We appreciate the briefs and arguments of counsel. We'll take the case under advisement. That finishes the morning docket. We'll resume at 1 p.m.